**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FLAVA WORKS, INC.,** ) | |
| ) | **Case No. 17-cv-1802** |
| **Plaintiff,** ) | |
| ) | |
| **-v-** ) | |
| ) | |
| **BLACK RAYNE PRODUCTIONS, INC.,** ) | |
| **XLR8 MEDIA GROUP, LLC, and** ) | |
| **COREY WRIGHT a/k/a** ) | |
| **QUE SANTIAGO,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

NOW COMES Flava Works, Inc. (hereinafter "Plaintiff" or "FWI"), by and through its attorneys, The Tracy Firm, Ltd., and for its Complaint against the Defendants Black Rayne Productions, Inc. ("BRP"), XLR8 Media Group, LLC and Corey Wright a/k/a Que Santiago (collectively, the "Defendants") states as follows:

### INTRODUCTION

1. This action seeks to recover for copyright infringement. Plaintiff herein produces motion pictures and photographic images and owns the rights to such content. Plaintiff has obtained U.S. copyright protection registrations covering most of its works, and many others are the subject of pending copyright applications.

2. Defendants own and operate a website known as www.BreedItRaw.net (the websites is also referred to herein as the "Website"). Defendants charge a fee to access the content found on the Website. Without permission or authorization from Plaintiff, Defendants actively copied, stored, modified, and/or displayed Plaintiff's photographic images and motion pictures on

1

the Website and engaged in this misconduct knowingly and in violation of United States copyright laws.

3. This is, in fact, the third lawsuit Plaintiff has brought against Defendants – each originating from Defendants unlawful misappropriation of Plaintiff's copyrighted material. Defendants are recidivist content thieves with little regard for the rule of law and Plaintiff's proprietary rights.

## VENUE & JURISDICTION

4. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. §1331. This Court also has subject matter jurisdiction over all of the photographs which form the basis of this Complaint, inclusive of any unregistered content. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S.Ct. 1237 (2010); see, e.g., Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d F.3d 1146, 1154 (9th Cir. 2007); Olan Mills, Inc. v. Linn Photo Co., 23 F.3 1335, 1349 (8th Cir. 1994); Pac. & S. Co., Inc. v. Duncan, 744 F.2d 1490, 1499 (11th Cir. 1984).

5. This Court has personal jurisdiction over Defendants because Defendants have provided services to persons within this District, Defendants regularly transact and conduct business within this Judicial District, and Defendants otherwise have made or established contacts within this Judicial District sufficient to permit the exercise of personal jurisdiction. Moreover, his Court has personal jurisdiction over Defendants because Defendants have committed acts of copyright infringement in this Judicial District including, *inter alia,* reproducing, displaying and publishing infringing content in this Judicial District.

6. Venue is proper under 28 U.S.C. § 1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claims found herein occurred within this Judicial District.

## PARTIES

7. Plaintiff, Flava Works, Inc. ("FWI"), is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. FWI is actively engaged in the business of the production, licensing and sale of adult-themed photographic images and motion pictures, distributed in the form of DVDs, magazines and websites. FWI has applied for, filed and registered numerous approximately one hundred eighty-nine (189) copyrights, including, specifically: (a) FlavaMen Summer 2007 Vol. 3, Issue 3 (no. TX 7-319-957): (b) Flava Works Website Edits 2009 (no. VA 1-760-400); and (c) Flava Works Vide Edits Summer 2012 (no. PA 1-820-337) – which together form the basis of this Complaint (the "FWI Copyrights")

8. Plaintiff's websites include: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others. Each of these websites host FWI's proprietary content behind a secure "pay wall" such that access to the content only becomes available upon payment of a recurring fee. Users who register on any of Plaintiff's websites each explicitly agree to not copy, modify, replicate or store any of the photographic images or motion pictures found on the websites.

9. Moreover, it is the practice of Plaintiff to engage the models featured in its proprietary photographs and motion pictures on an exclusive basis. That is, the terms of each model's contract with Plaintiff provides that the model may not subsequently perform for any other company. The exclusivity of each model's agreement with Plaintiff is widely known within the industry and to Defendants.

10. Defendant Black Rayne Productions, Inc. ("BRP"), is a dissolved corporation incorporated under the laws of the State of Georgia. According to the details provided by the Georgia Secretary of State, BRP has a principal place of business in Decatur, Georgia. BRP is believed to be an owner and operator of the Website.

11. Defendant XLR8 Media Group, LLC ("XLR"), is a dissolved limited liability company formed under the laws of the State of Georgia with its principal place of business in Decatur, Georgia. Like BRP, XLR is believed to be an owner and operator of the Website. Upon information and belief, XLR is a mere *alter ego* of BRP

12. Defendant Corey Wright a/k/a Que Santiago ("Wright") is a resident of the State of George. Wright is believed to be the majority stockholder, primary officer, promoter and registered agent of BRP. Wright is also believed to be the managing member, promoter and registered agent of XLR. Upon information and belief, both XLR and BRP are mere *alter egos* of Wright.

## RELEVANT FACTS

13. The Website is a popular and lucrative enterprise that purposefully displays adult-orientated photographic images and motion pictures in a similar genre as that produced by FWI such that FWI and Defendants are direct competitors. The Website is monetized by selling subscriptions to access the content as well as by paid advertisements. Upon information and belief, Defendants generate significant revenues and profits from the Website.

14. Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected photographs (hereinafter collectively referred to as the "Photographs") as set forth in Exhibit A which is annexed hereto and incorporated in its entirety herein, on the Website. The Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on

4

their copyrights (hereinafter collectively referred to as the "Infringements"). As is set forth more fully in Exhibit A, each listed Infringement contains the Uniform Resource Locator ("URL") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of time of more than transitory duration and therefore constitutes a specific item of infringement. 17 U.S.C. §102(a).

15. The infringing URL's include, but are not limited to:

 a. https://vod.breeditraw.net/models/arquez.html

 b. https://vod.breeditraw.net/models/day-day.html

 c. https://vod.breeditraw.net/models/kemancheo.html

Each listed infringement in Exhibit A is an exact copy of Plaintiff's original image that was directly coped and stored by Defendants on the Website. Moreover, each infringement listed in Exhibit A constitutes a separate and distinct act of infringement by Defendants. Upon information and belief, Defendant had direct knowledge of the facts and circumstances which form the basis of the Infringements., and therefore this Complaint.

16. A great number of people have viewed the unlawful copies of the Photographs on the Website. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringements, including increased traffic to the Website, increased advertising revenues and increased membership revenue. In fact, Defendants had actual, "red flag" knowledge of the Infringements such that Defendants conduct was willful as a matter of law.

## **FIRST COUNT**

### **(Copyright Infringement – 17 U.S.C. §501 *et seq*)**

17. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

18. The Photographs are original, creative works in which Plaintiff owns valid copyright property registered with the United States Copyright Office, including, specifically, the FWI Copyrights.

19. Plaintiff has not licensed Defendants the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendants.

20. Without permission or authorization from Plaintiff and in willful violation of its rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

21. Defendants' reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. Feist Publications Inc v. Rural Telephone Service Co., Inc, 499 U.S. 340, 361 (1991).

22. Upon information and belief, thousands of people have viewed the unlawful copies of the Photographs on the Website and Defendants have profited as a direct and proximate result of having featured the Photographs on the Website.

23. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT

### (Inducement of Copyright Infringement)

24. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

25. Individual users patronizing the Website that Defendants created, distributed and promoted have been provided with the means and mechanisms through such Website to directly infringement and are directly infringing Plaintiff's copyrighted works, by, for example, creating unauthorized reproductions of Plaintiff's copyrighted works and distributing copies of such works in violation of Plaintiff's exclusive rights. 17 U.S.C. §§106 and 501. Defendants declined to exercise its right to stop and limit said direct infringement.

26. Defendants have encouraged, induced and continues to induce infringement by providing technology on the Website to download and/or forward an image and failing to block or diminish access to infringing material even though there are technological means to do so that are known to Defendants.

27. Defendants' infringement is and has been willful, intentional, purposeful and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

28. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## COUNT THREE

### (Injunction Pursuant to 17 U.S.C. §502)

29.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

30.    Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

## COUNT FOUR

### (Tortious Interference with Contract)

31.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

32.    Plaintiff has previously entered into exclusive contracts with the models featured in the Infringement such that they were prohibited from working with certain competitors of Plaintiff, including, specifically, Defendants.

33.    On or about April 25, 2017, Plaintiff entered into a contract with model Keith Johnson a/k/a Giovanni Cruz ("Johnson"). See Exhibit B. The contract between Plaintiff and Johnson provided that Johnson could not act in a modeling capacity for any other company for a period of ninety (90) days therewith. See Exhibit B at ¶ 3

34.    Defendants was aware of the aforesaid contractual arrangement with Johnson yet sought to engage Johnson, and did in fact do so.

35.    Defendants' interference with Plaintiff's contractual rights is and has been willful, intentional, purposeful and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

36.    Defendants have caused Johnson and others to breach their contracts with Plaintiff.

37. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and should be awarded its actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq and award damages and monetary relief as follows:

a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorney's fees pursuant to 17 U.S.C. §505; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

Dated: November 9, 2017

Respectfully submitted,

FLAVA WORKS INC

/s/ Adam S. Tracy
_____
By Its Attorney

Adam S. Tracy
The Tracy Firm, Ltd.
2100 Manchester Road
Suite 615
Wheaton, IL 60187
888.978.9901 Tel.
630.689.9471 Fax
at@ibankattorneys.com
ARDC 6287552